C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
  HUMPHREY STEWART,                        :
                                                      :    **MEMORANDUM DECISION AND**
                                                      :    **ORDER**
                            Petitioner,        :
                                                      :    01-cr-0389 (BMC)
             - against -                        :    23-cv-8480 (BMC)
                                                      :
  UNITED STATES OF AMERICA,       :
                                                      :
                            Respondent.      :
----------------------------------------------------------- X

**COGAN**, District Judge.

      Petitioner commenced this proceeding by filing a form labeled "Motion for an Order Authorizing the District Court to Consider a Second or Successive Habeas Corpus Application pursuant to 28 U.S.C. §§ 2244, 2254 by a Prisoner in State Custody" in the United States Court of Appeals for the Second Circuit. The petition, however, referred only to his conviction on April 22, 2005 in this Court (not state court) for racketeering and racketeering conspiracy, in violation of 18 U.S.C. § 1962(c) and (d); conspiracy to distribute and possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. § 846; distribution and possession of five or more kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1); attempted murder and conspiracy to commit murder in aid of racketeering activity, in violation of 18 U.S.C. § 1959(a)(5); possession, as a convicted felon, of a firearm in violation of 18 U.S.C. § 922(g)(1); and discharge of a firearm during a violent crime in violation of 18 U.S.C. § 924(c)(1)(A)(iii). The Second Circuit, accordingly, construed it as a petition for habeas corpus

relief under 28 U.S.C. § 2555. And because petitioner had never before sought habeas corpus relief, the Circuit held that permission to bring a "second or successive" petition was not necessary, and it transferred the petition here under 28 U.S.C. § 1631.

The petition is conclusory but it appears that petitioner is challenging his conviction under Section 924(c)(1)(A)(iii) on the ground that attempted murder in aid of racketeering cannot be considered a crime of violence in light of United States v. Taylor, 596 U.S. 845 (2022). (He also asserts that conspiracy to commit murder and racketeering or racketeering conspiracy are not crimes of violence post-Taylor, but at his sentencing, the only crime that was "counted" as a "crime of violence" was attempted murder in aid of racketeering.)

By way of background, petitioner was a member of a gang and in that capacity, shot a drug selling competitor several times. The victim survived and identified petitioner despite attempts by petitioner to persuade him not to testify, including threats conveyed through third parties. Petitioner was indicted and convicted of conspiring to murder the victim and with attempting to murder the victim to further his position in a racketeering enterprise. On those two counts, he was sentenced to 10 years each to run concurrently. However, on other racketeering and drug distribution counts, he was sentenced to four life sentences, all to run concurrently to each other and to the attempted murder counts, plus another 5 years on a gun charge, consecutive to the other counts. All the federal counts of conviction were to run consecutive to a state court sentence that petitioner was then serving.

Petitioner's argument as to attempted murder in aid of racketeering must be rejected. In United States v. Pastore, 83 F.4th 113, 121-22 (2d Cir. 2023), the Second Circuit squarely held that notwithstanding Taylor, attempted murder in aid of racketeering remains a crime of violence. It held that the predicate attempt murder offense under New York law – the same

2

predicate offense that was at issue here – see N.Y. Penal Law §125.25(1) – requires both intent and a substantial step towards completion of the crime. As the Second Circuit held, "[t]he Supreme Court's recent decision in Taylor does not alter this conclusion." Id. at 120. It contrasted the attempted Hobbs Act robbery that Taylor held was not a crime of violence with the attempted murder in aid of racketeering charge at issue here, noting that

> unlike Hobbs Act robbery, the crime of second-degree murder cannot be committed through the mere threat of force and must instead involve the actual use of force. Accordingly, a conviction for attempted murder categorically means that the defendant took a "substantial step toward the use of physical force" – and not just a substantial step toward the threatened use of physical force. Since attempted murder requires both an intent to use physical force and a substantial step towards the use of physical force, it satisfies the "attempted use ... of physical force" element under section 924(c), 18 U.S.C. § 924(c)(3)(A), and thereby qualifies as a crime of violence.

Id. at 121 (citations omitted).

Accordingly, petitioner's argument is without merit and the petition is denied. No certificate of appealability shall issue under 28 U.S.C. § 2253(c)(1)(A) as there has been no substantial showing of the denial of a constitutional right. *In forma pauperis* status is denied for purposes of an appeal, as an appeal would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).[1]

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
       February 18, 2024

---

[1] Although the Court has ruled on the merits of petitioner's arguments, it should be noted that in light of his four concurrent life sentences, reaching the merits may not have been necessary under the concurrent sentence doctrine. See Kassir v. United States, 3 F.4th 556 (2d Cir. 2021); United States v. Vargas, 615 F.2d 952 (2d Cir. 1980).